IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON C. LAU,

      Plaintiff,                             No. CIV S-11-3198 CKD P

   vs.

J. LIZARRAGA, et al.,

      Defendants.               ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of this court. On January 4, 2012, plaintiff filed a one-page motion for a temporary restraining order preventing his transfer from Mule Creek State Prison to another prison "because the pending litigation on the caption above is a defendant to this said case from this court for the final[] judgment until July 1, 2013." (Dkt. No. 8.)

      Plaintiff's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 231(c). Therefore, the request will be construed entirely as a motion for a preliminary injunction.

      The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits

1  and the possibility of irreparable injury, or that serious questions are raised and the balance of
2  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
3  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
4  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
5  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
6  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
7  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
8  court need not reach the issue of likelihood of success on the merits.  Id.

9       Here, plaintiff's complaint alleges that defendants placed him in solitary
10 confinement for two months for no reason, took him off single-cell status, and charged him with
11 battery after plaintiff acted in self-defense against his cellmate.  (Dkt. No. 1 at 5.)  Plaintiff seeks
12 to enjoin defendants outside the scope of these allegations, and has demonstrated neither a
13 likelihood of success on the merits nor the threat of irreparable injury as any named defendant.

14      Accordingly, IT IS HEREBY ORDERED that plaintiff's January 4, 2012 motion
15 for a temporary restraining order (Dkt. No. 8) is denied.

16  Dated: January 10, 2012

17  _____
18  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

20  2
21  lau3198.49