IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON C. LAU,

    Plaintiff,                    No. CIV S-11-3198 CKD P

    vs.

J. LIZARRAGA, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of this court. On January 4, 2012, plaintiff filed a one-page motion for a temporary restraining order preventing his transfer from Mule Creek State Prison to another prison "because the pending litigation on the caption above is a defendant to this said case from this court for the final[] judgment until July 1, 2013." (Dkt. No. 8.)

        Plaintiff's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 231(c). Therefore, the request will be construed entirely as a motion for a preliminary injunction.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits

1

and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Here, plaintiff's complaint alleges that defendants placed him in solitary confinement for two months for no reason, took him off single-cell status, and charged him with battery after plaintiff acted in self-defense against his cellmate. (Dkt. No. 1 at 5.)  Plaintiff seeks to enjoin defendants outside the scope of these allegations, and has demonstrated neither a likelihood of success on the merits nor the threat of irreparable injury as any named defendant.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 4, 2012 motion for a temporary restraining order (Dkt. No. 8) is denied.

Dated: January 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
lau3198.49